# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

RMAA REAL ESTATE HOLDINGS, LLC,

    Debtor.

Case No. 10-16505-RGM
(Chapter 11)

## MEMORANDUM OPINION AND ORDER

THIS CASE was before the court on the motion of Brevon Developers, Inc., Brett Anthony Amendola and Roger Amendola, the petitioning creditors, for a stay pending appeal of this court's order of September 10, 2010, *nunc pro tunc,* August 16, 2010 granting relief from the automatic stay to Access National Bank.  (Docket Entry 22).

Access National Bank raised the question of how long a stay pending appeal remains effective, that is, until the determination of the appeal to the District Court, to the Court of Appeals or even to the Supreme Court.  Fed.R.Bankr.P. 8005 does not provide a ready answer.  As is stated in *Gleasman v. Jones, Day, Reaves & Pogue (In re Gleasman)*:

> Rule 8005 is by its design a flexible tool which permits a bankruptcy court to uniquely tailor relief to the circumstances of the case, so that the appellate process will neither undo nor overwhelm the administration of the bankruptcy case. *See, e.g., In re Charles & Lillian Brown's Hotel, Inc.,* 93 B.R. 49 (Bankr.S.D.N.Y.1988).  Rule 8005 gives a bankruptcy judge authority to "make any . . . appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest."  The bankruptcy judge can design stays to avoid unjust results, taking into consideration all the exigencies of the entire bankruptcy case. *See In re Tenfield,* 12 B.R. 14 (Bankr.E.D.Va.1981).  Discretion is not unbridled . . .

*Gleasman v. Jones, Day, Reaves & Pogue (In re Gleasman)*, 111 B.R. 595, 599 (Bankr.W.D.Tex. 1990).

In *In re Henderson*, 57 B.R. 660 (Bankr.W.D.Va. 1986), the Bankruptcy Court entered

1

judgment against Ashland Finance Company in favor or the debtor. Ashland obtained a stay pending appeal and on appeal to the district court, obtained the reversal of the judgment. Although the debtor appealed or intended to appeal the District Court's judgment to the Court of Appeals, the Bankruptcy Court released Ashland and its surety on their motion after the District Court reversal and before the Court of Appeal addressed the matter. The Bankruptcy Court stated:

> [T]his Court has found no reported cases regarding release of the bond. Rule 8005 is adopted from Rule 8, Federal Rules of Appellate Procedure. The requirement of such bond is not mandatory but, apparently, rests in the sound discretion of the court. See 16, *Federal Practice and Procedure* (Miller, etc.), §3953 (n. 1). Here, as in other cases, the bond may be required to protect an appellee's favorable judgment against appellant. However, given that the purpose of a supersedeas bond is to protect the appellee against loss on appeal, there appears to be no reason to require the bond to continue in this case. The Debtors do not now have a favorable judgment to protect if stayed. As an appellant, Ashland was successful in its appeal in the District Court. The decision of this Court granting judgment in favor of the Hendersons being reversed, there no longer exists an interest of the Hendersons to protect against loss. Having served its purpose, there is no rationale for requiring the bond to continue.

*In re Henderson*, 57 B.R. at 662.

In *In re James River Associates,* 148 B.R. 790 (E.D.Va. 1992), the Bankruptcy Court granted the secured creditor relief from the automatic stay and granted the debtor a stay pending appeal. The debtor appealed both the granting of the relief from the automatic stay and the amount of the bond required for the stay pending appeal. The District Court affirmed the Bankruptcy Court's ruling granting relief from the automatic stay and then addressed the bond. It found that:

> The amount of the bond is entitled to deference and will not be disturbed. In any event, a stay pending appeal dissolves when the appeal is decided. *Cf. F.T.C. v. Food Town Stores, Inc.,* 547 F.2d 247, 249 (4th Cir.1977) (decided under analogous F.R.App.P. 8). Thus, the appeal of the bankruptcy court's order granting a stay pending appeal is MOOT.

*In re James River Associates,* 148 B.R. at 798.

The case law is not entirely clear on when a stay pending appeal to a district court terminates. *James River* suggests that it terminates when the district court appeal is decided, but that was an alternative ruling to the narrower factual ruling that the amount of the bond was properly set. It does not discuss whether an appeal is terminated when the district court enters its order and, therefore, if there is an appeal to the court of appeals, a second stay pending appeal is necessary. The alternative is suggested in *Henderson.* Although it appears at first blush that the suggestion is that the stay pending appeal continues until the entire appellate process, including to the Supreme Court, is concluded, subject, however, to the bankruptcy court or another appropriate court modifying the stay pending appeal by terminating it or changing the amount of the bond, the opinion actually only addressed a narrower factual issue, the amount of the bond, not the effectiveness of the stay pending appeal itself.[1] The distinction makes a difference. It determinates who must seek a continuation or termination of a stay pending appeal after the district court's ruling, who has the burden of persuasion in that proceeding and whether a new bond must be obtained.

The proposition enunciated in *Gleasman v. Jones, Day, Reaves & Pogue* that a stay pending appeal from a bankruptcy court order should have sufficient flexibility to meet differing and unique circumstances that may be present in a particular bankruptcy case seems widely accepted. While that does not directly address the question of the termination of a stay pending appeal after a district court's resolution of an appeal but before a court of appeals' resolution, it suggests that a stay pending appeal from a bankruptcy court's order should stay in effect until the appeal has fully run its course. The bankruptcy court, if it is the court granting the stay, may modify this and make it

---

[1] The predicate of the entire procedure was that the stay pending appeal continued. If it terminated on the decision of the district court, the issues addressed by the bankruptcy court would not need to have been addressed. The stay would have terminated and the bond would have been released, the condition having not been invoked. That though, is a broader legal issue.

3

effective only until the entry of the district court's order and the amount of the bond may be subject to review if a further appeal is taken to the court of appeals. In any event, either the bankruptcy court or the district court may terminate the stay pending appeal or modify the bond in light of developments on appeal in the district court.

In this case, the stay pending appeal will be effective until the appeal is finally determined, unless it is earlier terminated by this court or the district court. The amount of the bond is set based on an estimate of the longest length of time that an appeal may take to resolution in the district court. If there is a further appeal to the Court of Appeals, the amount of the bond should be re-examined in light of the circumstances then existing.

For the reasons stated on the record and in the foregoing Memorandum Opinion, it is

ORDERED:

1. The motion for a stay pending appeal is granted and the enforcement of the second amended order granting relief from the automatic stay (Docket Entry 22) is stayed pending appeal subject to and conditioned upon posting of a bond satisfactory to the clerk of the court in the amount of $300,000 in cash or with corporate surety.

2. The stay is effective only upon posting of the bond as aforesaid and will remain effective until the appeal is fully disposed of. Notwithstanding the foregoing, the amount of the bond is expressly determined based on concluding an appeal only to the United States District Court. If the movants are unsuccessful and desire to appeal the matter to the Court of Appeals, the amount of the bond ought to be reconsidered. In the event of an appeal to the Court of Appeals, this order is without prejudice to Access National Bank seeking modification or termination of the stay pending appeal at that point.

DONE at Alexandria, Virginia, this 10th day of September, 2010.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Kevin M. O'Donnell
John P. Forest, II

16277